NAACP

Office of the General Counsel

September 1, 2026

**Submitted via E-Mail**
FOIA Branch Acting Chief
4CON, Room 6.153
Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Email: CRT.FOIArequests@usdoj.gov

Acting Chief[1]:

This is a request under the Freedom of Information Act (5 U.S.C. § 552). The NAACP requests that electronic copies of the documents described herein be provided via E-Mail to mmeyers@naacpnet.org.

**Background**
Per the Department of Justice's Office of Public Affairs, to date, the Civil Rights Division of the Department of Justice has deployed "election monitors" during the 2026 midterm campaign cycle to polling sites in several jurisdictions across the country. Moreover, the Justice Department more recently, announced plans to deploy over 1,000 election monitors during the upcoming November 3, 2026 general election. Courts have recognized that unnecessary law enforcement and government presence at polling sites can cause fear, create confusion, impose burdens on election officials, and have a chilling or coercive effect on the electorate.[2] Indeed, many states have outright bans on law enforcement entering polling places without serving a specific law enforcement need.[3] Given both the intense focus of resources of the Department of Justice and the ambiguity of activities stemming from these actions, the NAACP seeks records to shed light on the Justice Department's activity to date and future plans related to placing "election monitors" at polling sites in various jurisdictions across the country.

To date, the Justice Department has deployed monitors to the following locations:

- South Carolina; Charleston County – primary runoff election: June 23, 2026[4];

Exhibit A

[1] As of April 3, 2026, the position of the Civil Rights Division's FOIA Branch Chief has been vacant.
[2] See e.g. *Burson v. Freeman*, 504 U.S. 191 at 207 (1992)

[3] See e.g. TN Code § 2-7-103 (2025); Cal. Elec. Code § 18544; Ind. Code § 3-6-6-36
[4] U.S. Dep't of Justice, Justice Department to Conduct Election Monitoring in South Carolina Primary Election (Aug. 25, 2026), https://www.justice.gov/opa/pr/justice-department-conduct-election-monitoring-south-carolina-primary-election.



National Association for the Advancement of Colored People
4805 Mt Hope Drive • Baltimore MD 21215-3297 • 410.580.5777 • 877.622.2798 • naacp.org

- Arizona; Maricopa County, Apache County, and Pima County – primary election: July 21, 2026[5];
- Virginia; Fairfax County and Prince William County – primary election: August 4, 2026[6];
- Michigan; Detroit, Hamtramck, Lansing, and East Lansing – primary election: August 4, 2026[7];
- Minnesota; Hennepin County and Ramsey County – Primary election: August 11, 2026[8];
- Florida; Miami-Dade County – primary election: August 18, 2026[9]; and
- Wyoming; Laramie County – primary election: August 18, 2026[10];
- Massachusetts; Boston, New Bedford, and Lowell on September 1, 2026.[11]

Additionally, on August 17, 2026, Assistant Attorney General Harmeet Dhillon announced that the Civil Rights Division of the Department of Justice plans to send 1,000 monitors to observe voting during the midterm election on November 3, 2026 (hereafter "the midterm elections").[12]

**Documents Requested**

NAACP requests that your agency produce all records described herein within twenty (20) business days. Please provide all responsive records created, issued, or in effect from January 20, 2025 through September 1, 2026. Please provide records containing the below information as it pertains to any and all Department of Justice (hereafter "DOJ") deployments of election monitors in the above-listed primary elections, any and all deployments of election monitors in 2026 to jurisdictions not listed above, and any and all anticipated DOJ deployments of election monitors in the upcoming November 3, 2026 midterm election:

1. Legal authority, if any, of the Department of Justice to deploy election monitors;

---

[5] U.S. Dep't of Justice, Justice Department Announces Monitoring of Polling Sites in Three Arizona Counties (July 21, 2026), https://www.justice.gov/opa/pr/justice-department-announces-monitoring-polling-sites-three-arizona-counties.

[6] U.S. Dep't of Just., Civ. Rts. Div., Election Integrity: Virginia (updated Sep. 18, 2026), https://www.justice.gov/crt/election-integrity-virginia.

[7] U.S. Dep't of Justice, Justice Department Announces Monitoring of Polling Sites in Four Michigan Cities (Aug. 4, 2026), https://www.justice.gov/opa/pr/justice-department-announces-monitoring-polling-sites-four-michigan-cities.

[8] U.S. Dep't of Justice, Justice Department to Conduct Election Monitoring in Minnesota Primary Election (Aug. 11, 2026), https://www.justice.gov/opa/pr/justice-department-conduct-election-monitoring-minnesota-primary-election.

[9] U.S. Dep't of Just., Justice Department to Conduct Election Monitoring in Florida and Wyoming Primary Elections (Aug. 18, 2026), https://www.justice.gov/opa/pr/justice-department-conduct-election-monitoring-florida-and-wyoming-primary-elections.

[10] *Id*.

[11] U.S. Dep't of Just., Justice Department to Conduct Election Monitoring for Massachusetts Primary Election. https://www.justice.gov/opa/pr/justice-department-conduct-election-monitoring-massachusetts-primary-election

[12] DOJ PLANS TO DEPLOY 1,000 MONITORS TO WATCH MIDTERM ELECTIONS BLOOMBERG, https://www.bloomberg.com/news/articles/2026-08-17/doj-plans-to-deploy-1-000-monitors-to-watch-midterm-elections (last visited Aug 31, 2026)

2. Records reflecting any final legal advice and analysis (including both formal legal analyses and memoranda, as well as informal electronic communications) regarding the deployment of election monitors at polling places;
3. All complaints received by the Department of Justice that led to the deployment of election monitors in any of the locations from the 2026 midterm primary elections and planned as part of the monitoring for the general 2026 midterm elections;
4. Any and all complaints from members of the public received by the Department of Justice in response to or related to the election monitors during the 2026 midterm election cycle to date;
5. Any and all complaints from public officials received by the Department of Justice in response to or related to the election monitors during the 2026 midterm election cycle to date;
6. Any and all complaints from (i) the Governor of Wyoming or any other Wyoming public official, (ii) staff member of a Wyoming public official, or (iii) any Wyoming government employee received by the Department of Justice in response to or related to the election monitors during the 2026 midterm election cycle to date;
7. Comprehensive list of locations of deployment, including but not limited to (i) all locations that election monitors have been deployed in 2026, and (ii) all locations where election monitors are to be deployed for the November 3, 2026 midterm general election;
8. Information used to internally identify the jurisdictions where election monitors are to be deployed in the midterm general election;
9. Documents used to provide notice to jurisdictions of the monitor activities conducted by the Department of Justice with dates of the notice documents, and time/date logs of any telephonic or video conference providing notice to jurisdictions of the monitor activities conducted by the Department of Justice;
10. Training materials for election monitors;
11. Whether monitors are trained to follow state laws regarding the deployment of third party election monitors;
12. Qualifications for serving as an election monitor;
13. Restrictions, if any, on the personnel deployed to serve as election monitors;
14. List of names, employment, department, and job titles of all election monitors deployed in the above-listed primary elections, all election monitors deployed in 2026 to jurisdictions not listed above, and all election monitors who will be deployed during the midterm general election;
15. Confirmation of whether Florida attorney David Michael Levin (DOB 04/20/1985) (i) is now, has been in the last year, or will be an employee of the Department of Justice, (ii) was he involved in monitoring and/or present in the State of Minnesota or any other jurisdiction during the 2026 midterm primary election, (iii) and if an employee of the Department of Justice, what is his job title including the division and who is his supervisor;
16. Any written consent the Department received from (i) all jurisdictions where election monitors have been deployed in the above-listed primary elections, (ii) all jurisdictions where election monitors have been deployed in 2026 to jurisdictions not listed above, and (iii) all jurisdictions where election monitors will be deployed in the midterm general elections;

17. Whether personnel from the Federal Bureau of Investigation (F.B.I.), Department of Homeland Security (D.H.S.), U.S. Immigration and Customs Enforcement (I.C.E.), or any other federal law enforcement agency have been deployed to serve as an election monitor to jurisdictions where election monitors have been deployed in the above-listed primary elections, or as election monitors deployed in 2026 midterm election in jurisdictions not listed above, or who will be deployed in the midterm general elections on November 3, 2026;
18. Whether personnel from any law enforcement agency will be deployed as monitors for the November 3, 2026 midterm election cycle;
19. Copies of any and all forms, documents, or reports completed during all election monitoring efforts in the above-listed primaries and in any jurisdictions not listed above; and
20. Copies of any and all forms to be completed during all election monitoring efforts in the midterm general elections.

**Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and agency regulations, we request a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of relevant government procedures by the National Association for the Advancement of Colored People and the general public in a significant way. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Additionally, the request primarily and fundamentally is for non-commercial purposes. *See, e.g., McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

The requested records will provide transparency on the DOJ's policies and procedures for deploying election monitors including, but not limited to, (i) the DOJ's legal authority to deploy election monitors; (ii) the qualification requirements, names, and selection and training processes of those monitors; (iii) the locations of deployment; (iv) confirmation of state consent; (v) involvement of ICE officials; and (vi) records of information collected by election monitors.

The National Association for the Advancement of Colored People (hereafter "NAACP") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. NAACP is committed to protecting and expanding voting rights, ensuring the integrity of our elections, and educating voters.[13] NAACP utilizes a combination of research, litigation and advocacy to advance its mission. NAACP intends to analyze the information responsive to this request and to share its analysis with the public. The release of information obtained through this request is not in NAACP's financial interest.

NAACP further requests that it not be charged search or review fees for this request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because NAACP qualifies as a member of the news media. *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989) (holding non-profits are a "representative of the news media" and broadly interpreting the term to include "any person or organization which regularly publishes or disseminates information to the public").

[13] NAACP, Strengthening the American Democratic Process (2017), https://naacp.org/resources/strengthening-american-democratic-process.

NAACP regularly and systematically disseminates information to the public in multiple ways. NAACP's website is a frequently visited page for the public that includes blog posts that report and analyze significant issues involving government action and overreach, developments in the law, current events involving racial justice, and many educational resources NAACP has published to educate the public on these matters.

Under these circumstances, NAACP satisfies fully the criteria for a fee waiver. If NAACP's request for a fee waiver is not granted in full, please contact our office immediately upon making such a determination.

**Conclusion**

If you have any questions about this request or foresee any problems in fully releasing the requested records, please contact the NAACP at **(667) 219-0901** or mmeyers@naacpnet.org.

Please produce records in electronic format and please provide the requested records to me via e-mail at mmeyers@naacpnet.org, or, if necessary, in paper format to Max Lewis Meyers, Associate Counsel, NAACP Office of General Counsel in Washington, 1156 15th Street NW, Suite 915; Washington, DC 20005.

Thank you for your assistance with this matter.

Respectfully,

Max Lewis Meyers
Associate Counsel
NAACP Office of General Counsel
1156 15th Street NW, Suite 915
Washington, DC 20005
mmeyers@naacpnet.org
(667) 219-0901