UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>*Plaintiff*,<br><br>v.<br><br>HARMEET DHILLON, in her official capacity as Assistant Attorney General, Civil Rights Division, U.S. Department of Justice, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-3461 (SLS) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 22, 2026, Minute Order, Plaintiff National Association for the Advancement of Colored People ("NAACP") and Defendants the Civil Rights Division of the Department of Justice ("CRT") and Harmeet Dhillon, in her official capacity as Assistant Attorney General, Civil Rights Division, by and through undersigned counsel, respectfully submit this Joint Status Report in the above captioned action.

1. The above captioned action relates to a 20-category Freedom of Information Act ("FOIA") request Plaintiff submitted to CRT on September 2, 2026. *See* ECF No. 1-1. Plaintiff filed the Complaint in this matter on October 2, 2026, *see* ECF No. 1, and moved for a temporary restraining order on October 5, 2026, asking that the Court order Defendants to process the FOIA request within one week, *see* ECF No. 5.

2. On October 22, 2026, at a hearing on Plaintiff's motion, the Court denied the motion, citing, among other things, its breadth. That same day, the Court issued a Minute Order directing the parties to meet and confer to discuss narrowing the scope of the FOIA request, and

to file a joint status report apprising the Court of their efforts and outlining any remaining disagreements. *See* Min. Order (Oct. 22, 2026).

3. Consistent with the Court's directive, on October 22, 2026, Plaintiff submitted a prioritization proposal to Defendants. The proposal consisted of the following four categories of documents from its FOIA request:

(1) List of all jurisdictions (counties, cities) that election monitors are to be deployed for the November 3, 2026 midterm general election;

(2) Total number of prosecutors and investigators from each criminal DOJ component who will serve as an election monitor;

(3) Written restrictions, if any, on criminal prosecutors and investigators from criminal components of DOJ, and on agents or investigators from the Federal Bureau of Investigation (F.B.I.) or any criminal investigative agency to be permitted to serve as an election monitor; and

(4) Total number of agents and investigators from the Federal Bureau of Investigation (F.B.I.), Department of Homeland Security (D.H.S.), U.S. Immigration and Customs Enforcement (I.C.E.), or any other federal law enforcement agency who have been deployed to serve as an election monitor in the 2026 primary elections, and total number of the same who will be deployed in the midterm general elections on November 3, 2026.

Plaintiff proposed that CRT produce records responsive to these four categories by October 29, 2026.

4. On October 23, 2026, the undersigned met to discuss Plaintiff's prioritization proposal. A staff member from CRT's FOIA office was present on the call.

5. Following the call, Plaintiff further offered to withdraw the remaining categories all together and agreed to settle the instant complaint if Defendants produced the records from Plaintiff's narrowed list by October 29, 2026. Defendants declined the offer, on the ground that, among other concerns with it, Defendants did not anticipate that CRT would complete processing of the records from the four specified categories by the date requested. *See infra* ¶ 7.

6. Because the parties disagree as to next steps in this matter, they set out their respective positions separately.

**DEFENDANTS' POSITION**

7. As to Plaintiff's proposal that Defendants process the four categories specified in their proposal by October 29, 2026, Defendants' position is that Plaintiff's FOIA request is in its litigation queue, and will be processed when it reaches the front of that queue. Defendants do not currently have an estimated date for when that will occur, but intend to communicate such date as soon as it is ascertained. Defendants do not anticipate that that date will be October 29, 2026 or earlier.

8. As to the four categories specified in Plaintiff's proposal, Defendants are concerned that two seek information exempt from disclosure under FOIA and one seeks information not currently in Defendants' custody or control. With respect to categories (1) and (2), Defendants believe the information sought is likely to be exempt under 5 U.S.C. § 552(b)(5) as pre-decisional because such information remains under deliberation. With respect to category (4), CRT is not using federal law enforcement officers as election monitors on election day. To the extent Plaintiff seeks, through this category, information concerning the presence of personnel from these agencies at polling places on election day, to the extent such information exists, it likely would be within the custody or control of the relevant agencies, and thus require referral to them.

9. Despite these concerns, CRT will begin prioritizing processing of these categories upon Plaintiff's FOIA request reaching the front of its litigation queue. If, in processing records from these categories, CRT determines that a FOIA exemption applies, it will apply that exemption to the records, as it would in the normal course.

## PLAINTIFF'S POSITION

10. Plaintiff narrowed its categories to information directly concerning a matter of current exigency. This is evidenced by the volume of news coverage cited in articles by Plaintiff throughout its Complaint regarding the DOJ's poll monitors, and ongoing news coverage of concerns from voters and election officials over the monitors, the jurisdictions to where they are deployed, and whether they serve as criminal prosecutors, investigators or F.B.I. agents within the Department.[1]

11. The remaining four categories deal with information that is not subject to exemption. Defendants cite 5 U.S.C. § 552(b)(5) as covering priority items #1 and #2 because records would be considered "pre-decisional." Plaintiff is not requesting deliberative informational records that would fall under this exemption.[2] Plaintiff requests that Defendant process this category by conducting the necessary search, produce documents it cannot claim an exemption for under (b)(5), and generate a standard *Vaughn* index for those it alleges is subject to the exemption. Plaintiff requests that Defendants produce non-exempt documents on a rolling basis.

12. During the October 23, 2026 meeting, Plaintiff reminded Defendants that the prioritized item #4 would, given recent reporting, produce records and information on *at least* one incident of CRT deploying federal law enforcement agents as part of the primary monitoring

---

[1] "Courts often look to objective markers like the volume of news articles and media reports to discern whether there is a current exigency." *Democracy Forward v. Office of Management and Budget*, 780 F.Supp. 3d 61, 73 (D.D.C. 2025).

[2] "Work product protects 'mental processes of the attorney,' while deliberative process covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). (internal citations removed).

activities.[3] Plaintiff, therefore, requests Defendants run a search for the information and produce anything responsive on a rolling basis.

13. Defendants have not raised any objection or claims of exemption regarding the prioritized item #3, and Plaintiff therefore requests Defendants run a search and produce anything responsive on a rolling basis.

* * *

Defendants respectfully propose that the Court direct they file another joint status report in 30 days, apprising it of the status of Plaintiff's FOIA request.

Plaintiff respectfully proposes the Court direct Defendants to process the four narrowed categories and produce the records on a rolling basis at intervals set by the Court, with a *Vaughn* index of any contested records from the first and second categories.

Dated: October 26, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: __*/s/ William Thanhauser*___
WILLIAM THANHAUSER
DC Bar No. 1737034
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*

___*/s/Max L. Meyers*___
MAX L. MEYERS*
Kristen Clarke*
Anthony Ashton
National Association for the
Advancement of Colored People
4805 Mt. Hope Drive
Baltimore, MD 21215
(480) 580-5777
*Attorneys for NAACP*
**Pro hac vice*

[3] Knutson, Jacob, "*DOJ Dispatched Criminal Prosecutors, FBI Agent to Arizona's Primary, Documents Reveal*," Democracy Docket (Oct. 6, 2026). https://www.democracydocket.com/news-alerts/doj-dispatched-criminal-prosecutors-fbi-agent-to-monitor-arizonas-primary-documents-reveal/.