UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>*Plaintiff*,<br><br>v.<br><br>HARMEET DHILLON, in her official capacity as Assistant Attorney General, Civil Rights Division, U.S. Department of Justice, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-3461 (SLS) |

**DECLARATION**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief to the Voting Section within the Civil Rights Division of the United States Department of Justice ("DOJ"). I have personal knowledge of the facts set forth in this declaration. I make this declaration in conjunction with Plaintiff's Freedom of Information Act (FOIA) request at issue in the above captioned action. *See* Doc. 18-3.

2. The Voting Section is conducting its election monitoring efforts in a similar manner and for similar purposes as in past election cycles going back decades.

3. The primary purpose of election monitoring is to ensure compliance with federal civil rights statutes we enforce. *See* 28 C.F.R. §§ 0.50 and 0.51. These statutes include the Voting Rights Act (52 U.S.C. §§ 10301–10314, 10501–10508, and 10701–10702), the National Voter Registration Act (52 U.S.C. § 20501 *et seq.*), the Uniformed and Overseas

Citizens Absentee Voting Act (52 U.S.C. § 20301 *et seq.*), the Voting Accessibility for the Elderly and Handicapped Act (52 U.S.C. § 20101 *et seq.*) the Civil Rights Act (52 U.S.C. §§ 10101, 20701 *et seq.*), the Help America Vote Act (52 U.S.C. § 20901 *et seq.*), and the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*).

4. In accordance with past practice, the Civil Rights Division ("CRT") provides comprehensive training of all monitors on federal and local laws, as well as best practices during monitoring. This training includes a prohibition on the carrying of firearms, as well as the wearing of identifying clothing or accessories.

5. In accordance with past practice, CRT has sought volunteers from within DOJ to serve as monitors under CRT supervision. Plaintiff alleges there is "no indication [...] on prohibitions [...] of law enforcement personnel [...]." Doc. 5-1, at 6. CRT is not engaging any sworn law enforcement personnel who are legally authorized to effectuate an arrest to act as monitors in a "law enforcement agent" capacity.

6. There will be no Federal Bureau of Investigation or U.S. Immigration and Customs Enforcement employees, much less agents, serving as monitors. With the exception of one U.S. Customs and Border Protection (CBP) employee detailed to the Department of Justice, CRT is not aware of any other Department of Homeland Security (DHS) employees participating in CRT's monitoring of the 2026 general election. The CBP detailee is serving as a monitor on behalf of CRT pursuant to the detail and not as a representative of DHS. Employees from the Federal Bureau of Prisons; the Bureau of Alcohol, Tobacco, Firearms and Explosives; and the Drug Enforcement Administration will serve as monitors. As with all monitors, those employees are prohibited from having any firearms with them, and they are prohibited from undertaking any action while monitoring other than normal CRT monitoring

conduct such as observing the polling place and taking notes on their observations. Thus, while monitoring, the monitors will not be acting as "law enforcement personnel," a "law enforcement officer," or a "law enforcement agent" as commonly understood.

7. The training—conducted in two sessions—instructs monitors in a manner consistent with past practice. Monitors are instructed that their primary role is largely limited to observing, taking notes, and interviewing willing voters outside the polling place about their voting experience, where appropriate.

8. Moreover, the monitors have been instructed and trained to:

- not intrude or interfere in any way with either anyone voting or the election officials at the polling place;
- follow all rules of the state and jurisdiction to which the monitor is assigned;
- dress in business casual clothing;
- not have any insignia from their federal employment visible on their clothing;
- not talk with any voter inside the polling place;
- only talk to voters outside the polling place *after* the voter has cast his or her ballot; and
- introduce themselves to the election officials upon arrival at the polling place and to have federal employment credentials with them to verify that they are federal employees if asked.

9. CRT does not track the position title of volunteers. Positions are clarified on an as-needed basis, to ensure volunteers are appropriate candidates (e.g., not sworn law enforcement personnel).

10. The Voting Section of the Civil Rights Division is working extremely long hours preparing for and coordinating this year's election monitoring efforts. Obtaining all volunteer position titles for production before the election would catastrophically interfere with

the election monitoring project.

11. CRT has not yet finished identifying all locations for deploying monitors. CRT has not internally committed to a time when that list of locations will be complete before Election Day.

12. Additionally, it is my understanding that Plaintiff plan to release publicly any documents CRT produces in this FOIA request. News outlets have reported that groups are currently organizing to "monitor" DOJ's monitors. https://www.msn.com/en-us/news/other/volunteers-training-to-monitor-polls-in-case-of-federal-intervention/ar-AA2geo9H?ocid=BingNewsSerp. Releasing a full list of the specific jurisdictions CRT is visiting would undermine CRT's monitoring effort and potentially put our monitors at risk.

13. Plaintiff's motion to expedite a response to their FOIA request, styled as a "TRO," has been consuming the already limited resources for overextended CRT personnel. Even though the Court denied Plaintiff's motion to expedite Plaintiff's FOIA request, CRT and its counsel, Will Thanhauser, have nonetheless worked this week and last week in a good faith effort to accommodate Plaintiff's concerns and their FOIA requests.

I declare under the penalty of perjury that the above statements are true and correct.

Dated: October 28, 2026, at Washington, D.C.

*s/Eric Neff*

Eric Neff