UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>*Plaintiff,*<br><br>v.<br><br>HARMEET DHILLON, in her official capacity as Assistant Attorney General, Civil Rights Division, U.S. Department of Justice, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-3461 (SLS) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 29, 2026, Minute Order, Plaintiff National Association for the Advancement of Colored People ("NAACP") and Defendants the Civil Rights Division of the Department of Justice ("CRT") and Harmeet Dhillon, in her official capacity as Assistant Attorney General, Civil Rights Division, by and through undersigned counsel, respectfully submit this Joint Status Report in the above captioned action.

1. The above captioned action relates to a 20-category Freedom of Information Act ("FOIA") request Plaintiff submitted to CRT on September 1, 2026. *See* ECF No. 1-1. Plaintiff filed the Complaint in this matter on October 2, 2026. *See* ECF No. 1. Plaintiff thereafter filed a motion for emergency relief, *see* ECF No. 5, which the Court denied, *see* Min. Order (Oct. 22, 2026). Separately, Plaintiff amended its complaint on October 15, 2026, *see* ECF No. 18, to which Defendants filed an answer on November 5, 2026, *see* ECF No. 29.

2. On October 29, 2026, the Court ordered the parties to confer regarding the processing of responsive records and for CRT to "use reasonable efforts to process and produce

records on a rolling basis before the November 3, 2026, election." Min. Order (Oct. 29, 2026). The Court noted that there were only three business days left between the date of its order and the prescribed date. *See id.*

3. Consistent with the Court's order, the parties conferred daily between October 29 and November 3, 2026. As a product of their discussions, Plaintiff ultimately agreed to prioritize three categories of documents from its FOIA request:

(1) List of all jurisdictions (counties, cities) that election monitors are to be deployed for the November 3, 2026, midterm general election;

(2) Written restrictions, if any, on criminal prosecutors and investigators from criminal components of DOJ, and on agents or investigators from the Federal Bureau of Investigation (F.B.I.) or any criminal investigative agency to be permitted to serve as an election monitor; and

(3) Total number of agents and investigators from the Federal Bureau of Investigation (F.B.I.), Department of Homeland Security (D.H.S.), U.S. Immigration and Customs Enforcement (I.C.E.), or any other federal law enforcement agency who have been deployed to serve as an election monitor in the 2026 primary elections, and total number of the same who will be deployed in the midterm general elections on November 3, 2026.

4. As to Category (1), on October 29, 2026, Defendants advised Plaintiff that it would issue a press release that included the information requested by Category (1) and share the link to that release upon its going live. On the morning of November 3, 2026, Plaintiff advised Defendants that it had access to the aforementioned link.

5. As to Categories (2) and (3), CRT completed a search that ultimately resulted in 7,496 potentially responsive documents (including family). The approximate total number of documents yielded from CRT's searches for Category (2) and (3) were 2,907 and 6,922, respectively (not factoring in overlap). On November 2, 2026, CRT completed processing of 3,126 of these documents and, due to technical issues, made a release to Plaintiff consisting of 31

documents on November 3, 2026. Of that initial batch, CRT determined 3,095 to be not responsive.

6. Of the 31 determined to be responsive, CRT produced 18 in full, 7 in part, and withheld 6 in full. Plaintiff reports that the 18 documents produced in full consisted of filings from the instant case and *NAACP et. al. v. Blanche et. al.* (26-3626).

7. At present, 4,370 documents remain to be processed. Moving forward, CRT expects to process 250 pages each month and make its next production by December 15, 2026.

8. On November 6, 2026, the Court directed Plaintiffs to file an additional joint status report by December 4, 2026. *See* Min. Order (Nov. 6, 2026). The parties respectfully request that the Court amend its November 6, 2026, order and direct the parties to instead file another joint status report on or before January 11, 2027, with additional joint status reports due every forty-five days thereafter.

9. On November 13, 2026, Defendants submitted a Motion to Extend deadline to file the instant JSR following Counsel for Plaintiff's inability to access email due to the widespread Microsoft Outlook outage, which prevented Plaintiff from reviewing Defendants' JSR draft. The Court granted this motion on November 13, 2026 and instructed the parties to file the JSR by November 19, 2026.

**PLAINTIFF'S POSITION**

10. While small in quantity, the seven (7) documents from CRT's single production were significant. For example, one document disclosed that DOJ's use of law enforcement personnel, particularly from the Bureau of Prisons (BOP), was so widespread that CRT created a BOP-specific training video for election monitors. See Exhibit A at 3. This underscores the importance and necessity of the information from Category (2) dealing with any restrictions on the

law enforcement personnel serving as an election monitor, and from Category (3) dealing with the total number of law enforcement personnel deployed as monitors.

11. Defendants reviewed nearly half of the documents before it transmitted its sole production on Election Day, despite the Court's October 29, 2026 Minute Order instructing that "[t]he Government should use reasonable efforts to process and produce records on a rolling basis before the November 3, 2026 election."

12. Plaintiff requested on November 3, 2026 that Defendants transmit specific updates on the documents from Categories (2) and (3) providing the following information: (i) total number of reviewed for responsiveness, (ii) total number reviewed for exemption, and (iii) total number remaining. See Exhibit B at 7. Counsel for Defendants assured Plaintiff that same day that he would check with Defendants on this request. *Id.* at 6.

13. On November 4, 2026, Counsel for Plaintiff followed up on this requested information and to inquire about rolling production. *Id.* at 5-6. Counsel for Defendants did not have a response from CRT and instead asked for Plaintiff's position on whether a current exigency remained. *Id.* at 5. Plaintiff responded, "Plaintiff's position is that, with regard to the narrowed and agreed upon categories, the same exigency applies. Our organization is still handling quite a bit of voter outreach related to issues surrounding the DOJ monitors in the aftermath of the election and we have an urgency to provide information to the public regarding this issue still. The Election is ongoing, as results have no been certified, and the issues of the Monitors is still very much part of the public discussion based on the continued news coverage. Please proceed with the production as planned." *Id.* at 4-5. Counsel for Defendants did not respond to this follow up request.

14. Counsel for Defendants next emailed Counsel for Plaintiff on the afternoon of November 12, 2026 inquiring about the current JSR. *Id.*at 4. However, Counsel for Plaintiff could

not receive, send, or access email due to the widespread Microsoft Outlook outage, and Defendant accordingly filed a Motion for Extension. *Id.* at 1-4.

15. Two runoff elections for the 2026 midterm general election are to be held on December 12, 2026 in Louisiana. Given Defendants' prior refusal to provide information until the morning of the Election Day, Defendants may still deploy monitors—including law enforcement personnel—to these jurisdictions for the runoff elections.

16. Plaintiff's position is, therefore, that Defendants should continue rolling production on a timeline the Court finds appropriate.

**DEFENDANTS' POSITION**

17. Defendants write briefly to respond to Plaintiff's suggestion that the Court should set a timeline for production because "[t]wo runoff elections . . . are to be held on December 12, 2026." On this point, Defendants note that of the two outstanding categories of documents requested, Category (3) only seeks figures for law enforcement officers who "deployed to serve as an election monitor in the 2026 primary elections" and "deployed in the midterm general elections on November 3, 2026"—i.e., data for past dates. CRT expects to continue making rolling productions each month and avers that it is using its standard processing rate and schedule for Plaintiff's FOIA request.

* * *

Dated: November 19, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Max L. Meyers*
MAX L. MEYERS*
Kristen Clarke*
Anthony Ashton
National Association for the Advancement of Colored People
4805 Mt. Hope Drive
Baltimore MD 21215
(480) 580-5777

*Counsel for Plaintiff*

/s/ *William Thanhauser*
WILLIAM THANHAUSER
D.C. Bar #1737034
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*